UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HERBERT L. HENSON, | ) | CASE NO.: 3:08CV600 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | Magistrate Judge George J. Limbert |
| v. | ) | |
| | ) | |
| STUART HUDSON, Warden, | ) | **AMENDED REPORT AND** |
| | ) | **RECOMMENDATION OF** |
| | ) | **MAGISTRATE JUDGE** |
| Respondent. | ) | |

Pursuant to 28 U.S.C. § 2254, Petitioner Stuart Hudson ("Petitioner"), a prisoner in custody at the Mansfield Correctional Institution, is challenging his convictions for three counts of rape and five counts of gross sexual imposition. ECF Dkt. #1. On May 13, 2008, the case was referred to the undersigned for a Report and Recommendation and was referred again on March 17, 2009 for an Amended Report and Recommendation. ECF Dkt. ##5, 18. For the following reasons, the undersigned recommends that the Court DISMISS the instant petition with prejudice.

**I.  FACTS**

The Sixth District Court of Appeals set forth the facts of this case on direct appeal. These binding factual findings "shall be presumed to be correct," and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); *Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998), *cert. denied*, 119 S.Ct. 2403 (1999). Petitioner has indicated that he agrees with the facts as set forth by the Sixth District Court of Appeals. The relevant facts are:

> The charges in this case arose from allegations that appellant had engaged in sexual conduct with his daughter, then eight years old, while she and older brother were visiting him during the summer of 2003. Appellant and the children's mother are divorced. In early June 2003, appellant drove to Georgia, picked up his daughter and

> her brother and returned with them to his home in Sandusky, Ohio. Also living in appellant's home were the victim's stepbrother, appellant's girlfriend, and his girlfriend's son. The children stayed with appellant until early August, when their mother picked them up and returned with them to Georgia. Approximately two weeks after she returned home, the victim told her mother that her father had molested her. The next day, the victim's mother contacted the Sandusky Police Department and then took her daughter to the doctor for a physical examination. Within the next few days, the victim was seen by a specialist at the local children's hospital and interviewed at the Coastal Children's Advocacy Center in Savannah.

ECF Dkt. #7-4, Exhibit 14 at 2-3.

## II.     PROCEDURAL HISTORY

### A.     State Conviction

On September 13, 2004, the Grand Jury for Erie County, Ohio issued an indictment alleging three counts of rape in violation of Ohio Revised Code (O.R.C.) § 2907.02(A)(1)(b) and five counts of gross sexual imposition in violation of O.R.C. § 2907.05(A)(4). ECF Dkt. #7-2, Exhibit 1.

A jury trial ensued and the jury found Petitioner guilty of all counts charged in the indictment. ECF Dkt. #7-2, Exhibit 2. The court sentenced Petitioner to concurrent terms of life imprisonment with the opportunity for parole after ten years on each of the rape convictions, concurrent terms of three years each on the gross sexual imposition convictions in Counts 4, 5, and 6, and concurrent terms of two years each on the gross sexual imposition convictions in Counts 7 and 8. *Id*. The court ordered that the sentences imposed in Counts 4, 5, and 6 were to be served consecutively to the sentences in Counts 7 and 8, and consecutively to the rape sentences. *Id*. In total, the court sentenced Petitioner to life imprisonment with the eligibility for parole after fifteen years. *Id*. The trial court also held a classification hearing and deemed Petitioner to be a child victim offender. ECF Dkt. #7-2, Exhibit 3.

### B.     Motion for New Trial

On November 16, 2005, Petitioner, through counsel, filed a motion for new trial, asserting the following reasons:

1. Accident or surprise which ordinary prudence could not have guarded against.

2. The rejection by the Court of allowing Defense Counsel to introduce the Complaint for Divorce filed by Brandi Henson which prejudge[sic] the case against Defendant.

> 3. The Court allowing the Prosecutor to cross examine on the issue of alleged deception by Defendant to Detectives Jarrett and Prosowski of the Sandusky Police Department which alleged deception on a voice stress analyst[sic] test. Without producing to the Court any expert testimony as to the validity of such a test and which was prejudicial to the Defendant in that it left the impression with the jury that the Defendant had some how deceived or lied to Detectives Jarrett and Prosowski.
>
> 4. On the basis of newly discovered evidence in that the alleged victim during her testimony indicated that the sexual conduct which occurred by the Defendant occurred after his birthday on or after July 21, 2003. Defendant then did not have sufficient time to subpoena the records from his employer to show his hours of employment that in fact he left for work each morning at 6:30 or 7:00 p.m. in the period of July 21, 2003 through August 1, 2003.

ECF Dkt. #7-2, Exhibit 4. On March 14, 2006, the court denied this motion. ECF Dkt. #7-2, Exhibit 10.

### C. Direct Appeal

On March 20, 2006, Petitioner, through counsel, filed a notice of appeal to the Ohio Court of Appeals for the Sixth District. ECF Dkt. #7-3, Exhibit 11. Petitioner asserted the following assignments of error in his appellate brief:

> I. THE PROSECUTOR'S MISCONDUCT DENIED THE DEFENDANT-APPELLANT DUE PROCESS OF LAW AS GUARANTEED BY THE 14TH AMENDMENT OF THE U.S. CONSTITUTION AND UNDER ARTICLE 1, SECTION 10 OF THE OHIO CONSTITUTION.
>
> II. THE TRIAL COURT DENIED THE DEFENDANT-APPELLANT'S MOTION FOR A NEW TRIAL BASED ON NEWLY DISCOVERED EVIDENCE.
>
> III. THE CONVICTION IS BASED ON INSUFFICIENT EVIDENCE AND IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
>
> IV. APPELLANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL.

ECF Dkt. #7-3, Exhibit 12. On July 13, 2007, the appellate court affirmed Petitioner's conviction. ECF Dkt. #7-4, Exhibit 14.

### D. Supreme Court of Ohio

Petitioner states that he filed a notice of appeal and memorandum in support of jurisdiction to the Supreme Court of Ohio. However, on August 28, 2007, the Deputy Clerk of the Office of the Clerk for the Supreme Court of Ohio sent a letter to Petitioner indicating that Petitioner's notice of appeal and memorandum in support of jurisdiction were being returned because he did not follow

Rule XV of the Rules of Practice in the Supreme Court of Ohio by attaching either a $40.00 filing fee or a notarized affidavit of indigency. ECF Dkt. #1-2, Exhibit 2. The Deputy Clerk's letter informed Petitioner that he could file a motion for delayed appeal with the Supreme Court of Ohio with the required documentation. *Id.*

On September 28, 2007, Petitioner filed a *pro se* motion for a delayed appeal in the Supreme Court of Ohio. ECF Dkt. #7-4, Exhibit 16. Petitioner explained in the motion that he had timely appealed to the Ohio Supreme Court and filed a memorandum in support of jurisdiction, but he was unable to include the required $40.00 filing fee or notarized affidavit of indigency required by Supreme Court Rule of Practice XV. *Id.* He reported that he had intended to file the notarized affidavit of indigency and had taken the steps required by the prison of submitting a kite to request the services of a notary. *Id.* However, Petitioner explained that he was unexpectedly released into the custody of the Summit County Sheriff on August 10, 2007 in order to attend his child's custody hearing before he could meet with a notary. *Id.* Petitioner further indicated that he had informed the Clerk of Courts for the Supreme Court of Ohio about his inability to pay the $40.00 or file the notarized affidavit of indigency when he filed his notice of appeal and memorandum, and he had requested permission to file upon his return to the prison. *Id.* He explained that as soon as returned to the prison, he mailed out the affidavit of indigency, but he thereafter received notice that his notice of appeal and memorandum in support of jurisdiction were being returned because neither the filing fee nor the notarized affidavit of indigency were filed with the notice of appeal. *Id.*

Petitioner presented the following issues for review in his motion for delayed appeal:

> The prosecutor's misconduct denied Appellant due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution and under Article I, Section 10 of the Ohio Constitution.
>
> The trial court denied the Appellant's motion for a new trial based on newly discovered evidence, depriving Appellant of a fair trial as guaranteed by the Fourteenth Amendment to the United States Constitution.
>
> Appellant's conviction is based on insufficient evidence, depriving Appellant of his constitutional right to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution.
>
> Appellant was denied effective assistance of counsel in violation of the Sixth and Fourteenth Amendments to the United States constitution and Article I, Section 10 of the Ohio Constitution.

*Id.* On November 21, 2007, the Supreme Court of Ohio denied Petitioner's motion for delayed appeal.  ECF Dkt. #1-2, Exhibit 4; ECF Dkt. #7-4, Exhibit 16.

### III.  FEDERAL HABEAS CORPUS PETITION

On March 6, 2008, Petitioner filed the instant petition.  ECF Dkt. #1; *see Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999) citing *Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (a *pro se* prisoner's petition is considered to be filed on the day he delivers it to prison authorities).  Petitioner raises the following grounds for relief:

> GROUND ONE:  Prosecutor misconduct denied the Petitioner Due Process and Fair Trial
>
> GROUND TWO:  Trial Court denied the Defendant-Petitioner's Due Process of Law-Fair Trial
>
> GROUND THREE:  Defendant was denied Due Process of Law-Fair Trial when the evidence aduced[sic] at Trial was insufficient  to sustain a conviction, and the conviction was against the manifest weight of the evidence introduced at Trial.
>
> GROUND FOUR:  Defendant-Petitioner was denied effective assistance of Trial Counsel

ECF Dkt. #1.

In conjunction with his petition, Petitioner also filed a "Memorandum in support addressing lack of exhaustion due to cause and prejudice."  ECF Dkt. #1-2.  Petitioner explained in this memorandum that the Court should not dismiss his petition due to lack of exhaustion or procedural default because the state impeded his ability to file a timely memorandum in support of jurisdiction with the Supreme Court of Ohio.  *Id*. at 2.  Petitioner indicated that he diligently attempted to pursue his claims in the Supreme Court of Ohio, but he was denied the ability to file a timely appeal to that court because the Summit County Sheriff's Office took custody of him to transport him to court for a custody hearing and he was not returned to his legal paperwork until August 27, 2007, the last day that he had in which to file a memorandum in support of jurisdiction.  *Id.* at 1.

On July 21, 2008, Respondent filed a motion to dismiss Petitioner's instant petition based upon procedural default. ECF Dkt. #8. On September 2, 2008, Petitioner filed "Objections to Respondent's Motion to Dismiss." ECF Dkt. #9.

On October 3, 2008, the undersigned issued a report and recommendation finding that the grounds raised in the instant petition were procedurally defaulted and recommending that the Court dismiss the petition in its entirety with prejudice. ECF Dkt. #10. As a part of that report and recommendation, the undersigned found that Petitioner failed to establish cause and prejudice under the "Maupin Test" followed in the Sixth Circuit. *Id*. *Id*. at 8-14. The undersigned based that finding on Petitioner's failure to attach documentation of his efforts to pursue his direct appeal in the Supreme Court of Ohio. *Id*. at 10-14.

On October 20, 2008, Petitioner filed an objection to the undersigned's report and recommendation, along with a motion to expand the record. ECF Dkt. ##11,12. On March 17, 2009, the Court granted Petitioner's motion to expand the record and referred the matter to the undersigned to determine whether the expanded record would affect the initial report and recommendation. ECF Dkt. #18.

## IV. <u>PROCEDURAL BARRIERS TO REVIEW</u>

A petitioner must overcome several procedural barriers before a court will review the merits of a petition for a writ of federal habeas corpus. As Justice O'Connor noted in *Daniels v. United States*, "Procedural barriers, such as statutes of limitations and rules concerning procedural default and exhaustion of remedies, operate to limit access to review on the merits of a constitutional claim." 532 U.S. 374, 381 (2001); *see also United States v. Olano*, 507 U.S. 725, 731 (1993).

### A. <u>Statute of Limitations</u>

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitations period for filing a petition for a writ of federal habeas corpus is one year, and it begins to run on the date judgement became final. 28 U.S.C. § 2244(d)(1). The AEDPA statute of limitations is not at issue in this case. However, Respondent contends that Petitioner's claims are procedurally defaulted because he failed to timely appeal to the Ohio Supreme Court and his motion for delayed appeal before that court was denied. ECF Dkt. #7 at 12-14.

### B.     **Procedural Default**

The procedural default doctrine serves to bar review of federal claims that a state court has declined to address when a petitioner does not comply with a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977).  In these cases, "the state judgment rests on independent and adequate state procedural grounds." *Coleman,* 501 U.S. at 730.  For purposes of procedural default, the state ruling with which the federal court is concerned is the "last explained state court judgment." *Munson v. Kapture*, 384 F.3d 310, 314 (6th Cir. 2004) citing *Ylst v. Nunnemaker*, 501 U.S. 797, 805 (1991) (emphasis removed).  When the last explained state court decision rests upon procedural default as an "alternative ground," a federal district court is not required to reach the merits of a habeas petition. *McBee v. Abramajtys*, 929 F.2d 264, 265 (6th Cir. 1991).  In determining whether a state court has addressed the merits of a petitioner's claim, federal courts must rely upon the presumption that there is no independent and adequate state grounds for a state court decision absent a clear statement to the contrary. *Coleman*, 501 U.S. at 735.

Applying this presumption, the Sixth Circuit Court of Appeals established a four-pronged analysis to determine whether a claim has been procedurally defaulted. *Maupin v. Smith*, 785 F.2d 135 (6th Cir. 1986).  Under the *Maupin* test, a reviewing court must decide:

(1)     whether the petitioner failed to comply with an applicable state procedural rule;

(2)     whether the state courts actually enforced the state procedural sanction;

(3)     whether the state procedural bar is an "adequate and independent" state ground on which the state can foreclose federal review; and

(4)     if the above are met, whether the petitioner has demonstrated "cause" and "prejudice."

*Id.* at 138.

Under the first prong of *Maupin*, there must be a firmly established state procedural rule applicable to the petitioner's claim and the petitioner must not have complied with the rule. *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (state procedural bar that is not "firmly established and regularly followed" cannot serve  to bar federal judicial review); *Franklin v. Anderson*, 434 F.3d 412, 418 (6th Cir. 2006).  The question of whether a state procedural rule was "firmly established

-7-

and regularly followed" is determined as of the time at which it was to be applied. *Richey v. Mitchell*, 395 F.3d 660, 680 (6th Cir. 2005).

Under the second prong, the last state court to which the petitioner sought review must have invoked the procedural rule as a basis for its decision to reject review of the prisoner's federal claims. *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991) (appeal dismissed for lack of jurisdiction); *Richey*, 395 F.3d at 678 ("a lapsed claim survives if the state court overlooked the default and decided the claim anyway"); *Baze v. Parker*, 371 F.3d 310, 320 (6th Cir. 2004) (if a state court does not expressly rely on a procedural deficiency, then a federal court may conduct habeas review); *Gall v. Parker*, 231 F.3d 265, 310 (6th Cir. 2000) (even if issue is not raised below, where state supreme court clearly addresses the claim, no procedural bar arises); *Boyle v. Million*, 201 F.3d 711, 716-17 (6th Cir. 2000) (where a state appellate court characterizes its earlier decision as substantive, the earlier decision did not rely on a procedural bar; therefore, the cause and prejudice test does not apply).

Under the third prong, a state judgment invoking the procedural bar must rest on a state law ground that is both independent of the merits of the federal claim and is an adequate basis for the state court's decision. *Munson v. Kapture*, 384 F.3d 310, 313-14 (6th Cir. 2004).

Under the fourth prong, a claim that is procedurally defaulted in state court will not be reviewable in federal habeas corpus unless the petitioner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or that failure to consider the claim will result in a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 751. "Cause" is a legitimate excuse for the default, and "prejudice" is actual harm resulting from the alleged constitutional violation. *Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), *cert. denied*, 490 U.S. 1068 (1985). If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith v. Murray*, 477 U.S. 527 (1986).

Simply stated, a federal court may review federal claims:

> that were evaluated on the merits by a state court. Claims that were not so evaluated, either because they were never presented to the state courts (i.e., exhausted) or because they were not properly presented to the state courts (i.e., were procedurally defaulted), are generally not cognizable on federal habeas review.

-8-

*Bonnell v. Mitchel,* 301 F.Supp.2d 698, 722 (N.D. Ohio 2004). The above standards apply to the Court's review of Petitioner's claims.

## V. ANALYSIS

### A. Notice of Appeal to Supreme Court of Ohio

#### 1. Procedural Default - *Maupin* Factors 1-3

Respondent asserts that Petitioner failed to present a timely appeal to the Ohio Supreme Court and that court denied his motion for delayed appeal. Respondent concludes that Petitioner has therefore procedurally defaulted all of the grounds for relief before this Court because the Supreme Court of Ohio's return of Petitioner's notice of appeal and denial of his motion for delayed appeal meet the *Maupin* test and Petitioner fails to show cause for the default and prejudice resulting from the constitutional violations.

In order to determine whether procedural default bars Petitioner's instant grounds for relief, the undersigned must apply the four-pronged *Maupin* test. The undersigned recommends that the Court find that the first prong of the *Maupin* test is met because Petitioner failed to comply with the applicable procedural rules of the Ohio Supreme Court. Rule II, Section 2(A)(1)(a) of the Rules of Practice for the Ohio Supreme Court requires a party to file a notice of appeal with the Ohio Supreme Court within forty-five days of the entry of judgment from which he is appealing. Ohio S.Ct. Prac. R. II, § 2(A)(1)(a). The record contains an August 28, 2007 letter from the Deputy Clerk of the Ohio Supreme Court informing Petitioner that his mailed documents to the court were not being filed and were being returned to him because he failed to meet Rule XV of the Supreme Court Rules of Practice. ECF Dkt. #1-2, Exhibit 2. Rule XV, Section 1 of the Supreme Court Rules of Practice provides that the filing fees to institute a case "shall be paid before a case is filed." Ohio S.Ct. Prac. R. XV § 1. Section 3 of Rule XV indicates that an affidavit of indigency may be filed in lieu of filing fees and "shall be executed within six months prior to being filed in the Supreme Court by the party on whose behalf it is filed." Ohio S.Ct. Prac. R. XV § 3. Petitioner did not file the proper supporting documentation with his notice of appeal which was due on August 27, 2007. Thus, his appeal to the Ohio Supreme Court was untimely and not filed by the Clerk. Consequently,

the first notation on the Ohio Supreme Court's docket is Petitioner's January 4, 2007 filing of his notice of appeal, motion for delayed appeal, and attached copy of the appellate court's opinion and judgment entry. ECF Dkt. #11, Exhibit 15.

The second *Maupin* factor is satisfied because the Ohio Supreme Court did indeed enforce the procedural bar. The Deputy Clerk for the court did not open a case or file Petitioner's documents and returned the documents to him for his failure to comply with a procedural rule. See ECF Dkt. #1-2, Exhibit 2. The third factor is also met because the form letter used by the Deputy Clerk to return Petitioner's papers shows a "well-established and regularly-followed practice at the time of Petitioner's procedural default for the clerk not to file, but rather to return, documents submitted for filing by criminal defendants that failed to satisfy the requirements for pleadings explicitly set forth in the court's procedural rules." *Smith v. Jackson*, No. C-1-04-162, 2007 WL 2084840 at *8 (S.D. Ohio July 19, 2007). Accordingly, the state procedural ground relied upon by the deputy clerk in not opening a case, not filing Petitioner's timely but insufficient documents, and returning those documents to Petitioner as improperly filed, is an adequate and independent ground. *Id.*

### 2. **Procedural Default - *Maupin* Factor 4 - Cause and Prejudice**

Since prongs one, two and three of *Maupin* are met, Petitioner's grounds for relief in the instant petition will be barred unless he can show cause for his default and prejudice resulting from the constitutional violation. For cause, Petitioner contends that he was unable to attach a notarized affidavit of indigency with his notice of appeal because the Summit County Sheriff's Department removed him from the prison where his legal materials were stationed and kept him in Summit County from August 10, 2007 until August 27, 2007 for a child custody matter. ECF Dkt. #1-2 at 1. Petitioner attaches a letter from the Correctional Records Management Supervisor at Mansfield Correctional Institution dated September 6, 2007. ECF Dkt. #1-2, Exhibit 1. This letter indicates that Petitioner was released into the custody of the Summit County Sheriff on August 10, 2007 for a juvenile hearing, and he was returned to Mansfield Correctional on August 27, 2007. *Id.* Petitioner claims that he was unable to access his paperwork in order to perfect a timely appeal because his legal materials were left at Mansfield Correctional while he was in Summit County

custody. *Id.*

The undersigned recommends that the Court find that Petitioner has failed to meet his burden of showing cause to excuse his procedural default. In his motion for delayed appeal, Petitioner indicated that he had timely filed a notice of appeal in the Ohio Supreme Court, as well as a memorandum in support of jurisdiction. ECF Dkt. #7-4 at 2. Petitioner emphasized the issue of his inability to obtain the services of a notary for his affidavit of indigency in his motion for delayed appeal, indicating that he had "put the Clerk" of the Supreme Court of Ohio on notice that he could not include the notarized affidavit with his notice of appeal because he was taken into the custody of Summit County from August 10, 2007 to August 27, 2007. *Id.* He explained that prison procedure required him to submit a "kite" to request the services of a notary and he had submitted a "kite", but he was unable to meet with a notary before the Summit County Sheriff's Department transported him from the prison to the Summit County Jail so that he could attend the child custody hearing and he had no access to his legal materials. *Id.* Petitioner further indicated that he had requested permission from the Clerk's Office for the Supreme Court of Ohio when he submitted his notice of appeal and memorandum in support of jurisdiction to file his notarized affidavit of indigency upon his return from Summit County. *Id.* at 3. He stated that upon his immediate return from Summit County, he mailed the notarized affidavit, but he subsequently received notice that his notice of appeal and memorandum in support of jurisdiction were being returned because the notarized affidavit was not included with those documents. *Id.*

However, in his filings before this Court, Petitioner asserts that he was unable to perfect a timely memorandum in support of jurisdiction before the Ohio Supreme Court because of his temporary transfer to Summit County to attend a child custody hearing. ECF Dkt. #1-2 at 1. Petitioner states in his Memorandum in Support Addressing Lack of Exhaustion Due to Cause and Prejudice that "[w]hile the Petitioner was in transit His legal paperwork was retained by the Mansfield Correctional Institution, and the Petitioner did not have access to that paperwork to perfect a timely Memorandum in Support of Jurisdiction to the Supreme Court of Ohio." *Id.* Petitioner further states in this Memorandum that in his motion for delayed appeal before the Supreme Court of Ohio he "cited the State created impediment by the Summit County Sheriff's

-11-

Office's transfer of the Petitioner to their Jail for over seventeen (17) days causing the Petitioner to miss the deadline of August 27, 2007 to file a Memorandum in Support of Jurisdiction to the Ohio Supreme Court." *Id.* at 2-3.  In his "Objections to Respondent's Motion to Dismiss", Petitioner also states that Respondent could not assert that he caused his own delay in filing the required Ohio Supreme Court documents

> when the State of Ohio did remove the Defendant from His place of confinement and transfer Him to the Summit County Jail without allowing Him to take along His legal pleadings and the prepared Memorandum in Support of Jurisdiction that was due on August 27, 2007.  Petitioner would state that the transfer of this prisoner was an 'Objective factor to the defense,' that impeded the Petitioner's efforts to comply with the states[sic] procedural rule.  Although the Respondent's attempt to blame the Petitioner because He did not complete His Memorandum in Support of Jurisdiction to the Ohio Supreme Court and file said Memorandum within the twenty seven (27) days before the State of Ohio decided to transfer Petitioner to the County Jail of Summit County, Ohio for a Civil Proceeding.[sic] The[sic] Petitioner responds by asserting that He is <u>Pro-Se</u>, and needed the full forty five (45) days allowed by the Ohio Supreme Court Rules of Procedure (Rules of Prac. Sup. Ct. rule 2, section 2 (3-b) to perfect a Memorandum in Support of Jurisdiction due to his <u>Pro-Se</u> status which confers[sic] the Court should construe Him[sic] liberally...

*Id.* at 5-6.

Regardless of whether the issue is the notarized affidavit of indigency or the memorandum in support of jurisdiction, Petitioner fails to meet his burden of showing that his temporary transfer to Summit County Jail impeded his ability to obtain the notarized affidavit or complete his memorandum in support of jurisdiction.  First, Petitioner fails to include a copy of the "kite" that he submitted to the prison in order to show that he did indeed request the services of a notary before his notice of appeal deadline. Without this "kite", it is difficult to know when Petitioner requested the services of a notary at the prison and whether his request was timely since he had twenty-eight days between the date that the appellate court issued its decision and the date that he was removed from the prison and transferred to Summit County.  Second, as Respondent contends, Petitioner never alleges or shows that he was unaware of the custody hearing in Summit County.  *See* ECF Dkt. #13 at 3.  Without a lack of notice of the custody hearing, Petitioner cannot establish a legitimate excuse for his default.  If he was aware of the impending custody hearing, he cannot benefit from his delay in preparing his appeal.  It is his burden to establish his lack of notice of the hearing, and he has not even made such an allegation.

The undersigned has also reviewed Petitioner's recent submissions and recommends that the Court find that they fail to establish cause. Petitioner has furnished correspondence with the Supreme Court of Ohio where he informed the clerk that he had been transferred from the Mansfield Correctional Institution to the Summit County Jail for a custody hearing and he was unable to furnish a notarized affidavit of indigency until he returned to Mansfield. ECF Dkt. #12, Ex. 1b. This letter, however, does not excuse Petitioner's failure to prepare the affidavit of indigency prior to his departure from the Mansfield Correctional Institution if he was in fact aware of his transfer for the impending custody hearing. Plaintiff also submits a letter and an affidavit of indigency that he mailed to the clerk of the Supreme Court of Ohio on August 27, 2007. ECF Dkt. #12, Ex. (b),(c). While these documents may show that Petitioner acted promptly in filing his affidavit upon his return to the Mansfield Correctional Institution, they do not establish a legitimate excuse for his failure to comply with Ohio's filing requirements. Lastly, Petitioner provides a copy of a kite from the Summit County Jail showing a request to be transferred back to the Mansfield Correctional Institution to complete his appeal. ECF Dkt. #12, Ex. 3(a). As with Petitioner's letter to the Supreme Court of Ohio, this kite does not establish cause because it does not excuse Petitioner's failure to prepare the affidavit of indigency prior to his departure from the Mansfield Correctional Institution if he was in fact aware of his transfer for the impending custody hearing.

For these reasons, the Court should find that Petitioner's brief transfer to Summit County Jail is not sufficient cause to justify his failure to file a timely appeal.

**B.     Procedural Default - Motion for Delayed Appeal and *Maupin* Factors**

If a party fails to file a timely appeal with the Ohio Supreme Court, he may file a motion for delayed appeal under Rule II, Section 2(A)(4)(a) of the Ohio Supreme Court Rules of Practice. Ohio S.Ct. Prac. R. II §2(A)(4)(a). However, this Rule requires the appellant to follow particular procedures before the Ohio Supreme Court will accept the motion for delayed appeal. On November 21, 2007, the Ohio Supreme Court denied Petitioner's motion for delayed appeal in this case. ECF Dkt. #1-2, Exhibit 4.

The Ohio Supreme Court's denial of the motion for delayed appeal constituted a denial solely on procedural grounds even though the Ohio Supreme Court did not specify it as such since

-13-

no documents addressing the merits were before the court to rule upon at that time. A memorandum in support of jurisdiction is not filed with the motion for delayed appeal and cannot be filed until after the court grants the motion for delayed appeal. Ohio S.Ct. Prac. R. II(A)(4). Accordingly, the undersigned recommends that the Court find that the first prong of the *Maupin* test is met because Petitioner failed to comply with the applicable procedural rules of the Ohio Supreme Court for filing a motion for delayed appeal.

The second prong of the *Maupin* test is also satisfied because the Ohio Supreme Court enforced the procedural bar. Again, as explained above, while the Ohio Supreme Court did not specifically state that it rejected Petitioner's motion for delayed appeal because it was not filed according to procedure, the only basis upon which the court could reject the motion was because of procedure since no memorandum in support of jurisdiction was required to be filed with the motion for delayed appeal. In *Barkley v. Konteh*, Judge Gwin held that "By its very nature, a denial of a motion for leave to file a delayed appeal is a denial solely on procedural grounds even if the court does not expressly cite the procedural bar in its denial. Second, courts have held that a denial of a request for a delayed appeal is a procedural default without merits review." 240 F.Supp.2d 708, 712 (N.D. Ohio 2002)(citations omitted).

Turning attention to the third prong of the *Maupin* test, Petitioner's failure to file a timely appeal with the Ohio Supreme Court is an adequate and independent ground on which the state can rely to bar review. *Barkley*, 240 F.Supp. at 713, citing *County Court of Ulster County, New York v. Allen*, 442 U.S. 140, 148, 99 S.Ct. 2213, 60 L.Ed.2d 777 (1979). The Ohio Supreme Court's denial of Petitioner's motion for delayed appeal is also an adequate and independent ground upon which the state can rely to bar review because the Ohio Supreme Court's Rules of Practice "clearly show that a denial of a motion for delayed appeal is a procedural denial. Further, Ohio cases appear to have consistently held such a denial to be a procedural bar. *See, e.g., Hall* [*v. Huffman*], 234 F.3d 1268 [(6th Cir. 2000), unpublished]; *Shabazz* [*v. Ohio*], 149 F.3d 1184, 1998 WL 384559 at *1 [(6th Cir. 1998)]; *Ginyard* [*v. Leonard*], No. C-3-01-343 (S.D.Ohio Jan. 22, 2002)." *Barkley*, 240 F.Supp.2d at 713.

Under the fourth prong of the *Maupin* test, Petitioner does not allege cause for failing to comply with the state procedural rule in filing his motion for delayed appeal. If a petitioner fails to show cause for his procedural default, the reviewing court need not address the issue of prejudice. *Smith*, 477 U.S. at 533. Regardless, the Petitioner cannot show cause for failing to comply with procedural rules here for the same reasons that he failed to meet his burden of establishing cause with regard to his affidavit of indigency. *See supra* §V.A.2Therefore, the fourth prong of the *Maupin* test is satisfied.

For these reasons, the undersigned recommends that the Court find that the grounds raised in Petitioner's motion for delayed appeal are also procedurally defaulted.

### C. **Extraordinary Circumstances**

Beyond *Maupin*, the Court can still consider Petitioner's grounds for relief in the instant petition if the Court determines that his case is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent..." *Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed. 2d 397 (1986). The Sixth Circuit Court of Appeals explained that the "actual innocence" exception, or the "fundamental miscarriage of justice" gateway, is open to a petitioner who submits new evidence showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Williams v. Bagley*, 380 F.3d 932, 973 (6th Cir. 2004), quoting *Schlup v. Delo*, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995)(quoting *Murray,* 477 U.S. at 496. The Sixth Circuit held that "[t]o establish the requisite probability, the petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence." *Id.*

For actual innocence, Petitioner asserts that the State's case did not rest upon any physical evidence, it rested upon weak testimonial evidence that was inconsistent, and it "did not reflect the evidence brought forth." ECF Dkt. #1-2 at 4. He does not cite to or provide any new evidence to establish the probability that no reasonable juror would have convicted him in light of the new evidence. Accordingly, the undersigned recommends that the Court find that no extraordinary circumstances exist in this case that warrant consideration of Petitioner's grounds for relief despite

-15-

his procedural default.

## VI.     Conclusion and Recommendation

For the foregoing reasons, the undersigned RECOMMENDS that the Court DISMISS the instant petition with prejudice because Petitioner has procedurally defaulted all of his grounds for relief.

Date: April 2, 2009                                              /s/ *George J. Limbert*
                                                                              GEORGE J. LIMBERT
                                                                              United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).