UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HERBERT L. HENSON, | ) | CASE NO. 3:08-cv-600 |
| Plaintiff, | )<br>) | JUDGE JOHN R. ADAMS |
| v. | )<br>) | |
| STUART HUDSON, Warden, | ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | )<br>)<br>)<br>) | |

This matter comes before the Court on the Objections to the Magistrate Judge's Amended Report and Recommendation (Doc. 23) filed by pro se Petitioner Herbert Henson ("Petitioner"). This action was referred to the Magistrate Judge for a Report and Recommendation on the Petition for Habeas Corpus. The Magistrate Judge issued a Report and Recommendation on October 3, 2008 (Doc. 10), recommending that the Court dismiss the Habeas Corpus Petition with prejudice. Petitioner then filed objections to the Report and Recommendation (Doc. 11) and a motion to expand the record (Doc. 12), which this Court granted. On April 2, 2009, the Magistrate Judge issued an Amended Report and Recommendation (Doc. 19), addressing Petitioner's objections and the expanded record. The Magistrate Judge reached the same conclusion—that the Court should dismiss the petition with prejudice because Petitioner has procedurally defaulted all of his grounds for relief. Petitioner timely filed objections to the Amended Report (Doc. 23) and a second motion to expand the record. This Court now grants Petitioner's motion to expand the record. Doc. 22. Following a thorough review of the record as expanded by Petitioner, this Court adopts the Magistrate Judge's Amended Report and Recommendation and hereby incorporates its statement of facts. Throughout this opinion, only those facts pertinent to Petitioner's objections will be discussed further.

The Federal Magistrates Act requires a district court to conduct a *de novo* review of those portions of the Report and Recommendation to which an objection has been made. 28 U.S.C. § 636(b)(1). Petitioner again objects to the Amended Report by generally repeating his original arguments. *Compare* Docs. 1, 9, 11, 23. Mere statements of disagreement or reiterations of previous arguments are not considered "objections" in this context, and therefore will not be further addressed by this Court. Petitioner does, however, raise two claims that the Court will address briefly.

A.   **Petitioner's Objections to the Magistrate Judge's Finding of No Cause for the Procedural Default**

The Magistrate Judge applied the factors set forth in *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), for determining whether a claim has been procedurally defaulted. Petitioner objects to the Magistrate Judge's analysis of the fourth *Maupin* factor, whether cause for the default exists and whether prejudice has resulted, neither of which the Magistrate Judge found to exist in Petitioner's case. In making his objection, Petitioner relies on *Murray v. Carrier*, 477 U.S. 478 (1986). In *Murray*, the United States Supreme Court held that "cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule."[1] *Id*. at 488. This Court agrees that *Murray* provides the appropriate legal standard to determine whether Petitioner has shown "cause" for his procedural default. For example, in *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004), the Sixth Circuit held that a pro se petitioner failed to establish cause under the *Murray* standard despite the sudden departure of his attorney, ignorance of the

---

[1] The *Murray* court provided examples of objective, external impediments, including a "showing that the factual or legal basis of a claim was not reasonably available to counsel," or that "some interference by officials" made compliance impractical. *Murray*, 477 U.S. at 488.

2

legal and procedural requirements, limited access to the prison library, and unfamiliarity with the English language.  Although the Magistrate Judge's Report in the instant case cites a "legitimate excuse" standard, *see Magby v. Wawrzaszek*, 741 F.2d 240, 244 (9th Cir. 1984), the Report's factual and legal analysis incorporated the *Murray* standard.

Petitioner argues that his temporary transfer to the Summit County Jail was an external impediment that caused him to file an untimely affidavit of indigency with the Supreme Court of Ohio because (1) he was unaware of his impending transfer, and (2) he did not have sufficient time to perfect his appeal.  Specifically, Petitioner alleges that because he was not personally served notice, he was unaware of a juvenile custody proceeding held in Summit County that required that he be transferred to the Summit Count Jail, and consequently, his affidavit of indigency was not notarized prior to his departure from Mansfield Correctional Institution.  He further argues that even if he was aware of the juvenile proceedings he would not have been informed of a transfer in advance due to prison security policies.

This Court has granted Petitioner's second motion to expand the record in support of this contention.  Doc. 22.  The juvenile court docket sheet that Petitioner has supplied as part of that motion indicates that on June 28, 2007, Warren Perl was appointed to represent Petitioner in the juvenile proceedings, after having moved to transport Petitioner to the Summit County Jail on June 21.  Even if Petitioner was not personally served notice of the juvenile proceedings or informed of his exact transfer date, he was presumably in contact with his appointed counsel at some point in the nearly three weeks between Mr. Perl's appointment and Petitioner's transport to Summit County.  Thus, the record as expanded by Petitioner fails to support his claim that he was unaware of the juvenile proceedings, and in fact, suggests the contrary.  *Coleman v. Thompson*, 501 U.S. 722, 753 (1991) (finding that the attorney is a petitioner's agent for the

3

purpose of cause and prejudice analysis when that attorney acts, or fails to act, in furtherance of the litigation).  Absent a showing that Petitioner was unaware of the Summit County proceedings, this Court cannot blindly accept that Petitioner's transfer was an objective, external impediment that caused his procedural default.

Even assuming *arguendo* that Petitioner was aware of the Summit County proceedings, but unaware of his exact transfer date, he provides no evidence that he requested the services of a notary prior to his transfer on August 10, 2007.  With knowledge of prison security policy and notice of an upcoming court date, Petitioner's failure to obtain a notarized affidavit of indigency well in advance of his court date does not constitute an *external* impediment.

Further, Petitioner claims that, as a pro se party, he is entitled to the entire forty-five days allowed to complete his appeal.  This argument is unpersuasive.  Petitioner's pro se status in pursuing an appeal to the Supreme Court of Ohio is insufficient to establish cause to excuse his procedural default.  *See Bonilla*, 370 F.3d at 498 (citing *Hannah v. Conley*, 49 F.3d 1193, 1197 (6th Cir.1995)).  Moreover, Petitioner apparently had sufficient time to complete his notice of appeal and supporting memorandum.  Although Petitioner claims to have sought assistance in filing his affidavit while at the Summit County Jail, the record indicates nothing more than a desire to be transported back to Mansfield.  Petitioner does not allege that he was prevented from obtaining a notarized affidavit of indigency while at the Summit County Jail.  Accordingly, Petitioner failed to meet his burden of showing that he lacked prior knowledge of the juvenile proceedings or that his temporary transfer to the Summit Count Jail impeded his ability to obtain the notarized affidavit.

For these reasons, the Court finds that Petitioner's brief transfer to the Summit County Jail is not sufficient cause to justify his procedural default.

**B. Petitioner's "Adequate and Independent" Ground Objection**

If a party fails to file a timely appeal with the Supreme Court of Ohio, he may file a motion for delayed appeal under Ohio S. Ct. Prac. R. II § 2(A)(4)(a).  Petitioner next argues that he filed such a motion for delayed appeal, but on November 21, 2007 it was denied by the Supreme Court of Ohio on procedural grounds.  Petitioner objects to the Magistrate Judge's finding that Ohio S. Ct. Prac. R. II § 2(A)(4)(a) is an "adequate and independent" ground on which the state can foreclose federal review, citing *Deitz v. Money*, 391 F.3d 804 (6th Cir. 2004).  The holding in *Dietz*, however, is specifically limited to the application of Ohio App. R. 5(A).  As Petitioner did not file a delayed appeal pursuant to Ohio App. R. 5(A), the holding in *Dietz* is irrelevant to the determination of procedural default in this case.  Instead, Petitioner filed a motion for delayed appeal pursuant to Ohio S. Ct. R. II § 2(A)(4)(a).  The Sixth Circuit has repeatedly held that denial of review on the basis of Ohio S. Ct. R. II § 2(A)(4)(a) is an adequate procedural ground to foreclose federal habeas review.  *See e.g. Bonilla*, 370 F.3d at 497; *Smith v. State of Ohio Dep't of Rehab. and Corr.*, 463 F.3d 426, 431-32 (6th Cir. 2006).  Accordingly, Petitioner's objection to the Magistrate Judge's finding of procedural default is without merit.

For the reasons indicated herein, the Court adopts the Magistrate Judge's Amended Report and Recommendation.  The petition for Writ of Habeas Corpus is denied and this action is dismissed with prejudice.


IT IS SO ORDERED.


DATED: August 17, 2009              */s/ John R. Adams*_____
                                     Judge John R. Adams
                                     UNITED STATES DISTRICT COURT

5